UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME TALLEY,

                Petitioner,

v.

SUPERINTENDENT OF THE CLALLAM BAY CORRECTIONAL CENTER,

                Respondent.

Case No. C17-1586 TSZ-JPD

ORDER AFFIRMING JUDGE DONOHUE'S DENIAL OF MOTION TO RECUSE

THIS MATTER comes before the Court on Petitioner's Motion and Declaration of Bias and Prejudice, in which he seeks the recusal of U.S. Magistrate Judge James P. Donohue from this case. Dkt. #46. On February 27, 2018, Judge Donohue declined to recuse himself. Dkt. #50. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(e).

Petitioner asserts that Judge Donohue should recuse himself because he made "an erroneous" decision on a habeas petition in 2015. Dkts. #46 at 2 and #49 at 4-5. Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

ORDER - 1

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

In the instant motion, the only basis for the recusal request asserted by Petitioner is a negative ruling made three years ago. Dkts. #46 at 2 and #49 at 4-5. No facts even suggesting bias or prejudice have been asserted. Therefore, the Court finds no evidence upon which to reasonably question Judge Donohue's impartiality and AFFIRMS his denial of Petitioner's request that he recuse himself. The Clerk SHALL provide copies of this Order to Petitioner, all counsel of record, and to Judge Donohue.

DATED this 2 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 2