UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME TALLEY,<br><br>                Petitioner,<br><br>     v.<br><br>SUPERINTENDENT OF THE CLALLAM BAY CORRECTIONAL CENTER,<br><br>                Respondent. | Case No. C17-1586-TSZ-JPD<br><br>ORDER DENYING<br>MISCELLANEOUS MOTIONS |

This is a 28 U.S.C. § 2241 habeas action. Petitioner has filed the following motions: "Motion for Relief from Order(s) Dated: December 1st, 2017, Under Fed. R. Civ. Proc. Rule 60(b) on Grounds of Mistake of Spelling" (Dkt. 24); "Fed. R. Civ. P. Rule 60(b) Motion for Relief From[] Order(s) Dated: December 1st, 2017" (Dkt. 32); "Motion to Quash and Expunge Arrest Record/Arrest" (Dkt. 47); "Motion for Leave to File a Title 42 U.S.C. Section 1983 Civil Rights Complaint Against State Actors" (Dkt. 48); and "Motion for Relief from Order on Motions to Recuse Under Federal Rule of Civil Procedure, Rule 60(b) Dated: February 27th, 2018" (Dkt. 52). Having considered petitioner's motions, the Report and Recommendation filed currently with this Order, the balance of the record, and the governing law, the Court finds and ORDERS:

ORDER DENYING MISCELLANEOUS
MOTIONS - 1

(1) Petitioner's "Motion for Relief from Order(s) Dated: December 1st, 2017, Under Fed. R. Civ. Proc. Rule 60(b) on Grounds of Mistake of Spelling" is based on the Court spelling his name in capital letters in the caption of the challenged orders. The motion (Dkt. 24) is DENIED as frivolous.

(2) Petitioner's "Fed. R. Civ. P. Rule 60(b) Motion for Relief From[] Order(s) Dated: December 1st, 2017" claims that the wrong respondent is named in this action and that the respondent should be an official from the State of Nevada. Because petitioner is currently incarcerated at the Clallam Bay Corrections Center, the respondent is properly the Superintendent of that institution. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The motion (Dkt. 32) is DENIED.

(3) Petitioner's "Motion to Quash and Expunge Arrest Record/Arrest" seeks to expunge and quash his arrest and arrest record, which is attached to respondent's motion to dismiss. The motion (Dkt. 47) is DENIED as frivolous.

(4) Petitioner's "Motion for Leave to File a Title 42 U.S.C. Section 1983 Civil Rights Complaint Against State Actors" attempts to get around the bar order that has been entered against him. Petitioner's bar order provides in relevant part:

> Respondent Jerome Talley is prohibited from filing any civil action in the Western District of Washington unless the complaint or petition is accompanied by a signed affidavit stating under penalty of perjury that the complaint contains new allegations not previously litigated. Mr. Talley may not proceed in forma pauperis in any § 1983 or Bivens action without a showing that he is in imminent danger of serious bodily injury or death. Any complaint or petition filed by Mr. Talley that is not accompanied by a signed affidavit and/or an imminent danger showing will not be filed.

*In re Jerome Talley*, Case No. 15-MC-164-MJP, Dkt. 15 at 2 (W.D. Wash. Nov. 25, 2015). In light of the bar Order, petitioner's motion for leave (Dkt. 48) is DENIED. If petitioner believes

he has a case that is permitted by the bar order, he may file a new action, which will be reviewed by the assigned judge.

(5) Petitioner's "Motion for Relief from Order on Motions to Recuse Under Federal Rule of Civil Procedure, Rule 60(b) Dated: February 27th, 2018" seeks the recusal of the undersigned. On February 27, 2018, the Court denied petitioner's motion to recuse and referred the motion to the Chief Judge. (Dkt. 50.) On March 2, 2018, the Chief Judge affirmed the Court's Order. (Dkt. 51.) Although petitioner states that his motion arises under Rule 60(b), the Court construes it as a motion for reconsideration.

Motions for reconsideration are disfavored, and ordinarily the Court will deny such a motion unless there is "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Rules LCR 7(h)(1). Petitioner has not made either of the showings required by LCR 7(h)(1), and therefore his motion (Dkt. 52) is DENIED.

(6) The Clerk is directed to send copies of this order to the parties and to the Honorable Thomas S. Zilly.

Dated this 20th day of March, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING MISCELLANEOUS
MOTIONS - 3